**UNITED STATES of America, Plaintiff,**

v.

**David SCOTTEN, Defendant.**

**Crim. No. 75–88 BRT.**

United States District Court, D. Nevada.

March 15, 1976.

Lawrence J. Semenza, U. S. Atty. (tried by Raymond D. Pike, Asst. U. S. Atty.), Reno, Nev., for plaintiff.

G. T. S. Khalsa, San Francisco, Cal., for defendant.

**ORDER DENYING MOTION
TO SUPPRESS**

BRUCE R. THOMPSON, District Judge.

Defendant Scotten has moved to suppress the testimony of John Byron, claiming it to

have been the fruit of the illegal search of the Santa Rosa Mini Warehouse and the exploitation of the evidence there obtained in the interrogation of Byron by DEA officers. As a consequence of such interrogation, Byron confessed and agreed to become a Government witness in exchange for a prosecutorial promise of immunity. His testimony was essential to the Government's case against Scotten.

■ The evidence seized at the Mini Warehouse has been suppressed as to defendant Scotten because of his proprietary interest in the premises. Motions to suppress on behalf of all other conspirators have, however, been denied because they lacked standing to complain of the illegal search. One of the conspirators against whom the evidence would have been admissible was John Byron, an unindicted co-conspirator who testified for the Government so that the specific issue on a motion made by him has not been decided.

When Byron was interrogated by the agents, the use of the evidence seized at the Mini Warehouse was a substantial factor leading to his decision to cooperate with the Government. The evidence was, however, usable in a prosecution of Byron and strongly implicated him in the conspiracy. He was concerned with his own hide, not Scotten's, and the possible admissibility of the evidence at Scotten's trial was of no concern to Byron and had absolutely no influence on his decision.

The decision of Byron to turn "state's evidence" was an independent act of free will which was not affected or tainted in any respect by the wrongful exploitation of evidence seized or obtained in violation of *his* right of privacy.

*Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1962), is quite apposite in these circumstances. There Toy and Wong Sun were charged and tried jointly for the unlawful concealment of heroin. The drug was found in the possession of Yee to whom the officers had been led by Toy's statements after his unlawful arrest. The drug was held inadmissible as to Toy. The Court said:

"We need not hold that all evidence is 'fruit of the poisonous tree' simply because it would not have come to light but for the illegal actions of the police. Rather, the more apt question in such a case is 'whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.' Maguire, Evidence of Guilt, 221 (1959). We think it clear that the narcotics were 'come at by the exploitation of that illegality' and hence that they may not be used against Toy."

With respect to Wong Sun, the situation was different. The seizure of the drug was not the result of any wrongful conduct as to him and was usable against him. The Court said:

"We must then consider the admissibility of the narcotics surrendered by Yee. Our holding, supra, that this ounce of heroin was inadmissible against Toy does not compel a like result with respect to Wong Sun. The exclusion of the narcotics as to Toy was required solely by their tainted relationship to information unlawfully obtained from Toy, and not by any official impropriety connected with their surrender by Yee. The seizure of this heroin invaded no right of privacy of person or premises which would entitle Wong Sun to object to its use at his trial. Cf. *Goldstein v. United States,* 316 U.S. 114, 62 S.Ct. 1000, 86 L.Ed. 1312."

Further, we may look to *United States v. Bacall,* 443 F.2d 1050 (9 Cir. 1971), for the principle that it is important to determine whether an object of the illegal search was securing of the evidence sought to be suppressed. There is no such indication in this case. Here, a private search by the landlord disclosed a paper with the name deFreese. Officers were notified because of a suspected connection with the S.L.A. The ensuing search produced nothing respecting the S.L.A. but did produce evidence of other crimes.

Viewing the situation as a whole, we do not believe that the exclusionary rule should be extended to preclude the Government's use of the testimony of a co-conspirator which was obtained by exploitation of illegally seized evidence which was admissible against him although inadmissible against the defendant who moves to suppress. Accordingly,

IT HEREBY IS ORDERED that the motion of David Scotten to suppress and strike the testimony of John Byron be, and it hereby is, denied.